# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HALEY L. HEMPY,

      Plaintiff,

      v.

BREG, INC.,

      Defendant.

Case No. 2:11-cv-900
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 4), Plaintiff's memorandum in opposition (ECF No. 7), and Defendants' reply memorandum (ECF No. 10). For the reasons that follow, this Court finds the motion to dismiss well taken.

## I. Background

According to the complaint, Defendant, Breg, Inc., manufactures various models of pain pumps under its PainCare series. In October 2004, Plaintiff, Haley Hempy had a catheter for a Breg PainCare pain pump implanted into her left knee joint. This enabled a continuous flow of pain medicine into the joint following arthroscopic surgery on her left knee. Plaintiff recovered from the injury that necessitated the surgery, but soon began to experience a new and different pain. Several years later, Plaintiff had a catheter for another Breg PainCare pain pump implanted into her knee for a second surgery that occurred in February 2006. Plaintiff also recovered from the injury that necessitated the second surgery, but she soon began to experience again a new and different pain. Plaintiff eventually read a March 2011 newspaper article about young athletes who, following the intra-articular use of pain pumps, developed chrondrolysis, which is the complete or nearly complete loss of cartilage in a joint. She then went to an

orthopedic surgeon in August 2011, who diagnosed her with such permanent cartilage damage.

Plaintiff filed the instant action on October 7, 2011, asserting eight claims generally predicated on the theory that Defendant misled the medical community and the public by making false representations about the safety of its pain pumps. (ECF No. 1.) Defendant has filed a motion to dismiss four of the claims. (ECF No. 4.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant relief. The Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

In claims four through seven of her complaint, Plaintiff asserts state law claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. (ECF No. 1 ¶¶ -94.) Defendant seeks the dismissal of these claims on the grounds that amendments to the Ohio Product Liability Act ("OPLA"), Ohio Revised Code § 2307.71 *et seq.*, abrogated such common law claims.

Since April 7, 2005, the OPLA provides that "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B). The Ohio General Assembly added this express statement to the OPLA in response to the Ohio Supreme Court's rejection of such abrogation of common law claims in *Carrell v. Allied Products Corp.*, 78 Ohio St.3d 284, 677 N.E.2d 795 (1997). *See* 2004 Am. Sub. S.B. 80 § 3(D) (legislative declaration of intent that the OPLA "abrogate all common law product liability causes of action"); *see also* 2006 Am. Sub. S.B. 117 § 3 (legislative declaration that "the General Assembly's original intent in enacting the Ohio Product Liability Act . . . [was] to abrogate all common law product liability causes of action including common law public nuisance causes of action, regardless of how the claim is described, styled, captioned, characterized, or designated, including claims against a

3

manufacturer or supplier for a public nuisance allegedly caused by a manufacturer's or supplier's product."). The Sixth Circuit has recognized that the statutory abrogation applies from April 7, 2005. *Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010).

Plaintiff states in her complaint that she read about the link between pain pumps and chrondrolysis in March 2011, that she was diagnosed in August 2011, and that she "did not discover that chrondrolysis . . . could be associated with intra-articular pain pump use until March 2011." (ECF No. 1 ¶¶ 21-23.) She asserts that August 11, 2011, is the date on which she was informed of the pain pump-chrondrolysis connection by her physician. (ECF No. 1 ¶ 23.) In light of the foregoing, Plaintiff's common law claims accrued in 2011. *See* Ohio Rev. Code § 2305.10(B)(1) (explaining that a claim "accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first").

This 2011 discovery date means that the OPLA bars the claims that the motion to dismiss targets. Plaintiff disagrees and argues that because the initial injury occurred prior to the 2005 effective date of the OPLA amendments, the correct inquiry is whether the complaint falls within the statute of limitations. Some judicial officers have accepted such an argument. *See, e.g., Edwards v. Warner-Lambert*, No. 2:05-cv-657, 2011 WL 5914008, at *4-5 (S.D. Ohio Nov. 28, 2011); *Troyer v. I-Flow Corp.*, No. 1:11-CV-00045, 2011 WL 2517031 (S.D. Ohio June 23, 2011). But such an approach makes a flawed distinction between when a claim *arises* and when it *accrues* that the undersigned has previously rejected. *See Musgrave v. Breg, Inc.*, No. 2:09-cv-01029, 2011 WL 5299489, at *4 (S.D. Ohio Nov. 4, 2011) (holding that "under Ohio law, there

4

is no meaningful distinction between a claim 'arising' or 'accruing' "). In other words, regardless of when the injury occurred, it is the date on which the claim accrued in relation to the date of the statutory amendment that matters. *Deacon v. Apotex, Corp.*, No. 3:07CV0322, 2008 WL 2844652, at *4 (S.D. Ohio July 22, 2008); *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *4 (S.D. Ohio June 17, 2008)

Plaintiff's claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose all constitute common law product liability claims. *See* Ohio Rev. Code § 2307.71(A)(13); *Thompson v. Sunbeam Prods., Inc.*, No. 2:10-cv-98, 2011 WL 4502049, at *15 (S.D. Ohio Sept. 28, 2011) (common law warranty claims fall within OPLA preemption); *Miller v. ALZA Corp.*, 759 F. Supp. 2d 929, 943 (S.D. Ohio 2010) (negligence and common law warranty claims fall within OPLA preemption). Under the factual allegations of the complaint, these claims arose or accrued well after 2005, even if Plaintiff was injured before then. Accordingly, the OPLA preempts Plaintiff's claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. (ECF No. 4.) This Court dismisses claims four, five, six, and seven.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE